UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>STEVE ATTILA CZINEGE,<br><br>    Defendant. | No. CR06-109P<br><br>ORDER ON DEFENDANT'S MOTION IN LIMINE FOR AN ORDER DECLARING THE LAW APPLICABLE TO, AND PERMITTING PROOF SUPPORTING, HIS DEFENSE OF COERCION AND DURESS |

    This matter comes before the Court on Defendant's motion in limine for an order declaring the law applicable to, and permitting proof supporting, his defense of coercion and duress. (Dkt. No. 47). In his opening brief, Defendant argued that Canadian law should supply the standard by which his defense of coercion and duress is evaluated. In a supplemental memorandum, Defendant argues that if the Court finds that the more stringent law of the United States applies, Defendant should still be permitted to present testimony on the defense of duress. (Dkt. No. 52).

    Having reviewed the papers and pleadings submitted by the parties, the Court GRANTS in part and DENIES in part Defendant's motion. The Court finds and ORDERS as follows:

    (1)    The Court DENIES Defendant's motion to the extent he seeks an order providing that the admissibility of testimony relevant to his defense of coercion and duress should be determined by reference to the law of Canada. While Defendant's argument is creative, Defendant cites no

ORDER - 1

persuasive authority for the proposition that the law of Canada should be applied in this criminal proceeding.

(2) The Court GRANTS Defendant's motion to the extent that he seeks to leave to offer evidence regarding a duress defense under the law of the United States. There are three elements to a duress defense: (1) an immediate threat of death or serious bodily injury; (2) a well-grounded fear that the threat will be carried out; and (3) no reasonable opportunity to escape the threatened harm. United States v. Contento-Pachon, 723 F.2d 691, 693 (9th Cir. 1984). The Ninth Circuit has noted that "[f]actfinding is usually a function of the jury, and the trial court rarely rules on a defense as a matter of law." Id. At the same time, "[i]f the evidence is insufficient as a matter of law to support a duress defense . . . the trial court should exclude that evidence." Id. Here, the Court finds that Defendant has made a sufficient offer of proof to permit him to present evidence regarding the duress defense.

(3) The Clerk is directed to send copies of this order to all counsel of record.

Dated: October 31, 2006

                                               s/Marsha J. Pechman
                                               Marsha J. Pechman
                                               United States District Judge

ORDER - 2